IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

PIRATE BAY CHARTERS, LLC,       )
                                       )
                   Plaintiff,        )
                                       )
vs.                                     )           Civil No. 2015-25
                                       )
SCOTT VACHON,              )
                                       )
                 Defendant.      )
_____ )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is plaintiff's motion to amend [DE 22] pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands.  Defendant filed a response and plaintiff replied.  [DEs 27, 29].  Plaintiff seeks leave to add Ryan Vachon, Mark Bostrom, Heather Richards, Julie Cox and Jamie Anderson as defendants, and to amend certain factual allegations.

Federal Rule of Civil Procedure 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Leave to amend the pleadings is generally "freely given."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility.  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  "Rule 15(a)(2) places the burden to make such a showing on the party opposing the amendment."  *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D.

*Pirate Bay Charters, LLC v. Vachon*
Civil No. 2015-25
Page 2

Pa. 2010).  Here, the only issue is whether amendment is futile, as the request to amend was filed shortly after discovery of new evidence[1] and litigation is in its early stages.

This maritime action arises out of damages sustained to a 23.5' Key Largo center console power boat (the "Vessel") owned by plaintiff.   In its original complaint, plaintiff avers that defendant operated the Vessel on March 22, 2015 pursuant to a bareboat lease agreement, and that in so doing, defendant ran the Vessel aground on a reef.[2]

According to plaintiff, defendant's Rule 26(a) initial disclosures identified the additional passengers present on the Vessel on March 22, 2015.  Based on this information, plaintiff seeks to impose "common adventurers" liability against all Vessel passengers, a theory of liability which it claims is a "well-established principle of general maritime law."  Pl.'s Mot. at 2. Defendant counters that the requested amendment is futile, claiming both lack of precedent and lack of factual support for this liability theory.

"[M]aritime law recognizes joint ventures and the liability of joint venturers."  *Haas v. 653 Leasing Co.*, 425 F. Supp. 1305, 1315 (E.D. Pa. 1977) (citing *Rowe v. Brooks*, 329 F.2d 35, 41 (4th Cir. 1964) and *Fulcher's Point Pride Seafood, Inc. v. M/V "Theodora Maria"*, 935 F.2d 208 (11th Cir. 1991)).  That said, there is a dearth of cases addressing the issue presented here – that is, the classification of passengers on a boat outing for recreational purposes as joint venturers.  In *Murphy v. Hutzel*, 27 F. Supp. 473 (E.D. Pa. 1939), a boat owner held a "crabbing party" during which one of the passengers was injured while assisting the owner in "taking in the

---

[1]     Defendant served his initial disclosures pursuant to 26(a) of the Federal Rules of Civil Procedure on September 23, 2015.

[2]     This case concerns an accident that occurred on navigable waters in the course of maritime activities. Therefore, it falls within the Court's admiralty jurisdiction under 28 U.S.C. § 1333 (2006). General federal maritime law applies.

anchor." *Id*. at 474.  The court dismissed the libel for laches but commented by way of dicta as follows:

> The relation of the owner of a boat and those invited to join a junketing trip on her is often a peculiar one. The boat must be managed, and otherwise guests, if familiar with the handling of boats, act as members of the crew. Such was the case here, and the libellant was hurt while acting as a member of the crew. The host and guests were common adventurers, much as if two or more together hire a boat. They are both hosts and guests.

*Id*. at 475.

In *Merrill Trust Co. v. Bradford*, 507 F.2d 467 (1st Cir. 1974), yacht owners and their guests were killed after the vessel ran aground.  The First Circuit, in considering plaintiff's negligence claim against the owner's estate, noted that when a moving vessel collides with a fixed object, there is a presumption that the moving vessel is at fault and this presumption "operates against all parties participating in the management of the vessel at the time of the contact."  *Id*. at 470-71 (citations omitted).  In considering the evidence before it, the First Circuit found the members of the yacht outing were "in the venture together" based on evidence indicating an agreement of shared responsibility existed between the owners and their guests.

In *Gele v. Chevron Oil Co.*, 574 F.2d 243 (5th Cir. 1978), an owner lent his boat to a group of individuals for a fishing expedition.  During the outing, the boat sustained damages after hitting a structure.  The Fifth Circuit remanded the matter based on testimony that all members of the party participated in the operation of vessel, stating

> When friendly fishermen borrow a boat for an evening of piscatorial pleasure, certainly, it would not be uncommon for responsibility to be shared.  As one court explained in a similar situation: "The host and guests were common adventurers, much as if two or more together hire a boat. They are both hosts and guests." *Murphy v. Hutzel*, E.D.Pa., 1939, 27 F. Supp. 473, 475.
> . . .
> We believe, therefore, that on remand the lower court should determine if any negligence in the operation of the [vessel] should be attributed to [any other

passenger]. If [the passengers were] part of a joint venture, then [they] should be held liable for some portion of the negligent operation of the [vessel].

*Id.* at 250.

In other cases, courts have briefly acknowledged the characterization of a recreational boat outing as a "joint venture."  *See, e.g., Andrews v. United States*, 801 F.2d 644, 649 (3d Cir. 1986) (accepting as true for argument's sake the district court's characterization of a boat outing as a "joint venture"); *Linehan v. United States Lines, Inc.*, 417 F. Supp. 678, 694 (D. Del. 1976) (stating, but not deciding, that a passenger on a sailing yacht "might have been considered a joint venturer" and remarking "[u]nder a series of cases relating to pleasure boaters, the recovery due joint venturers is even more confused"). *Guan v. Deng (In re Deng)*, 2014 U.S. Dist. LEXIS 46997, at *31 (N.D. Cal. 2014) (noting a "joint venture requires joint control" and dismissing joint venture counterclaim where defendant failed to allege that plaintiff had control of the vessel).  Percle v. Ordoyne, 150 So. 2d 902, 904 (La.App. 1963) (finding defendant's "special defense . . . of joint venture" not applicable given "the testimony clearly establishe[d] that plaintiffs were guests of defendant [], and had no control or right to direct the conduct of defendant [] in the operation of the boat").

Based on *Murphy*, *Merrill Trust Company* and *Gele*, and accepting plaintiff's allegations as true and drawing all inferences in its favor,[3] the Court cannot find at this stage that the amendment would be futile.[4]

---

[3]      *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]      The Court reminds plaintiff of its responsibilities under Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, by presenting a pleading to the court, the party or attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [that] the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  FED. R. CIV. P. 11(b).

*Pirate Bay Charters, LLC v. Vachon*
Civil No. 2015-25
Page 5

The premises considered, it is hereby ORDERED as follows:

(1) Plaintiff's motion to amend [DE 22 ] is GRANTED;

(2) The amended pleading shall be designated the "First Amended Complaint;"

(3) Plaintiff shall file the First Amended Complaint within five days of this Order;[5]

(4) Plaintiff shall cause a summons issued by the Clerk of Court along with a copy of the First Amended Complaint to be promptly served upon the new parties;

(5) Defendant shall respond to the First Amended Complaint on or before 14 days from the date of this Order.

**Dated**:  November 30, 2015                    S_____
                                                                     **RUTH MILLER**
                                                                     United States Magistrate Judge

---

[5]       Plaintiff failed to label the proposed amended pleading as the "first" amendment.  *See* LRCi 15.1 ("A proffered amended pleading must note prominently on the first page the numbered amendment it represents; i.e., 1st, 2nd, 3rd amendment, etc.").