DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PIRATE BAY CHARTERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 2015-25 |
| SCOTT VACHON, RYAN CACHON, MARK BOSTROM, HEATHER RICHARDS, JULIE COX, JAMIE ANDERSON, | ) |
| Defendants. | ) |

**APPEARANCES:**

**Ryan C. Meade**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
  *For Pirate Bay Charters, LLC,*

**Michael L. Sheesley**
St. Thomas, U.S.V.I.
MLSPC
  *For Scott Vachon.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Pirate Bay Charters, LLC, for default judgment against Mark Bostrom.

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). In considering a motion for default judgment, the factual

allegations in the complaint are treated as conceded by the defendant, except those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 (3d Cir.2005); *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990). Default judgment is only appropriate where a plaintiff's well-pleaded facts, taken as true, demonstrate that the plaintiff is entitled to relief. *See, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default Judgment unless the plaintiff's complaint states a valid facial claim for relief."). "But while a defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975))

Even where a plaintiff is entitled to default judgment, the plaintiff is still "required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.,* 987 F.2d 494, 505 (8th Cir.1993). Instead of relying on the allegations in the complaint, the Court must conduct an inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may

conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages ...."); *see also United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir.1989) (explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir.1985) ("Damages may be awarded [in a default judgment] only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotation omitted)).

A motion for entry of default judgment must also contain evidence of the following: (1) that all pleadings were validly served upon the defendant; (2) that the defendant has not appeared; (3) that default was entered; (4) that the defendant is not an infant or incompetent; (5) an affidavit of non-military service; and (6) the amount of judgment and how it was calculated. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The premises considered, it is hereby

**ORDERED** that Pirate Bay's motion for default judgment is **DENIED**; it is further

**ORDERED** that a trial of this matter shall commence promptly at 9:00 A.M. on February 5, 2018.

                                                S\_____
                                                   **Curtis V. Gómez**
                                                   **District Judge**